UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

******************************************************************************

| | | |
|---|---|---|
| ERIK ZACARIAS-CORNELIO, | * | CIV. 10-4155 |
| | * | |
| Petitioner, | * | |
| | * | MEMORANDUM OPINION |
| -vs- | * | AND ORDER |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

******************************************************************************

After being convicted of conspiracy to possess a controlled substance, Petitioner Erik Zacarias-Cornelio was sentenced to 240 months of imprisonment. After challenging the sufficiency of evidence on appeal, his conviction was affirmed. *See United States v. Zacarias-Cornelio*, 349 F.App'x 117 (8th Cir. 2009). Petitioner then filed a Motion to Vacate, Correct or Set Aside Sentence pursuant to 28 U.S.C. § 2255. Doc. 1. Petitioner claims in his petition that trial counsel was ineffective in the investigation of the case, in his failure to move to suppress evidence, in his failure to present evidence at trial, and in his failure to vacate the Nebraska conviction which was the basis of the enhancement under 21 U.S.C. § 851(a), and in his failure to challenge the enhancement. After Petitioner executed the attorney-client privilege waiver (Doc. 6), trial counsel for Petitioner submitted an affidavit (Doc. 7) addressing the ineffective assistance claims raised in Petitioner's Section 2255 petition. The Government then filed its response and motion to dismiss. Doc. 9, 11. The Government has also supplemented the record by providing a transcript of the change of plea hearing held on August 3, 2004, in the Nebraska case which was used to enhance Zacarias-Cornelio's sentence in his underlying federal case. Doc. 21.

DISCUSSION

*General Principles Regarding Ineffective Assistance of Counsel*

Under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a petitioner in a motion under

28 U.S.C. § 2255 must make the following two showings to obtain relief for an ineffective assistance of claim:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

A court's scrutiny of counsel's performance must be "highly deferential." *Id.* at 690; *Gregg v. United States*, 683 F.3d 941, 943-944 (8th Cir. 2012). Prejudice exists under *Strickland* only if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694; *Williams v. Roper*, 695 F.3d 825 (8th Cir. 2012). In the Eighth Circuit a habeas petitioner is not allowed to build a showing of prejudice on a series of errors, none of which would by itself meet the prejudice test. *Hall v. Luebbers*, 296 F.3d 685, 692 (8th Cir. 2002); *Wainwright v. Lockhart*, 80 F.3d 1226, 1233 (8th Cir. 1996).

*Ineffective Assistance Claims - Failure to Investigate, Test Evidence, and Present Evidence at Trial*

Petitioner contends that the finger scale that was seized from the trailer home occupied by Petitioner and his uncle and co-defendant, Efrain Cornelio-Gonzalez, was not tested for the presence of drugs, and Petitioner argues that had his trial counsel hired an expert to test for the presence of drugs and to testify as to the lack of the same, such testimony would have countered the Government's case. There was no need for such testing and such an expert since there was no claim made by the Government of the presence of drugs on the scale. In addition, trial counsel cross examined Agent Harvison on law enforcement's failure to test the finger scale for drugs. Furthermore, trial counsel cross-examined Agent Harvison on it being completely legal to purchase and possess a finger scale for such a mundane use as to calculate postage. Based on the facts of this case, it was not deficient performance for trial counsel to decline to hire an expert and to test for drugs on the finger scale. Such expert testimony would have had little impact, especially since methamphetamine was found on the stationery scale that was seized from Petitioner's trailer home.

Petitioner also argues that it was ineffective for his trial counsel to not have tested for drug

2

residue on the $1,522.01 which was located in Petitioner's bedroom and seized from the trailer home occupied by Petitioner and his uncle and co-defendant, Efrain Cornelio-Gonzalez. The government never contended at trial that there was drug residue on the money and Petitioner's trial counsel elicited testimony from Agent Hummel on cross examination that the money was not checked for any trace of drugs and that the money could have come from a pay check or other legitimate source. It was not deficient performance for trial counsel to decline to hire an expert and to test for drugs on the money located in Petitioner's bedroom. The absence of expert testimony on the lack of drug residue on the money did not have the impact of depriving Petitioner of a fair trial.

Petitioner further argues that trial counsel was ineffective in failing to present computer records from the computer that was seized from the trailer home occupied by Petitioner and his uncle. Petitioner contends that the computer records would demonstrate that his activities were harmless and lawful. The absence of incriminating computer records, however, does not negate Petitioner's guilt in light of the other evidence at trial, specifically, the accomplice testimony implicating him in the conspiracy. Trial counsel was not ineffective in not presenting computer records in this case.

In addition, Petitioner argues that counsel should have presented Petitioner's employment records. Trial counsel contends that in his experience that type of evidence makes no difference to a jury. The fact that Petitioner had been employed would not preclude him from being involved in a drug conspiracy. Even if trial counsel should have presented such evidence, the decision not to do so did not prejudice Petitioner so as to warrant relief under 28 U.S.C. § 2255.

Petitioner further argues that trial counsel was ineffective in failing to present Petitioner's telephone records to counter Christina Kline's accomplice testimony that she purchased drugs from Petitioner beginning in December of 2005. Kline testified at trial that she called Petitioner on the phone and would arrange to get drugs. Agent Harvison testified that he was unable to get telephone records from the majority of telephones that Kline was utilizing. Petitioner's uncle's cell phone was seized and phone records showed calls between the uncle's telephone and a phone used by Kline. Since Petitioner and his uncle lived in the same home, Petitioner's telephone records, even if they showed no contact with Kline, would not necessarily refute Kline's testimony. The absence of these records did not have the impact of depriving Petitioner of a fair trial. Petitioner has not established that had the evidence been presented there is a reasonable probability of a different result at trial.

3

*Ineffective Assistance Claim - Failure to Investigate and Present Claims of Prosecutorial Misconduct*

Petitioner claims that trial counsel failed to investigate and pursue a claim of vindictive prosecution. Petitioner was originally charged only with illegal reentry after deportation. *See United States v. Erik Zacarias-Cornelio*, Cr. 07-40017 (D.S.D. filed March 15, 2007). Only Efrain Cornelio-Gonzalez was charged in the original Indictment for conspiracy to distribute methamphetamine. A Superseding Indictment charging Petitioner as a second defendant in that conspiracy charge was filed on July 25, 2007. Petitioner contends that prior to charging him in the drug conspiracy case, the government contacted him to testify against his uncle, and that only when he refused to testify against his uncle, did the government charge him in the drug conspiracy case. Petitioner further contends that trial counsel failed to ensure that there was proper English/Spanish translation procedures in place so as to be aware of the alleged vindictive prosecution and then act on this information.

Punishing a defendant for exercising his valid legal rights constitutes impermissible prosecutorial vindictiveness. *See United States v. Stroud*, 673 F.3d 854, 859 (8th Cir. 2012). Petitioner, however, had no protected right to refuse to cooperate with law enforcement concerning his uncle's illegal conduct. *See United States v. Long*, 823 F.2d 1209, 1211-1212 (7th Cir. 1987) (defendant suspected of trafficking in narcotics had no "protected right" to refuse to cooperate with Government so that narcotics charges which were filed after refusal to cooperate did not have to be dismissed based on claims of prosecutorial vindictiveness). It was not ineffective, therefore, for trial counsel to not take action and move to dismiss for prosecutorial vindictiveness regardless of any communication problems that may have existed concerning the factual background of the vindictiveness claim.

Petitioner also contends that there was prosecutorial misconduct with regard to Holly Thomas's testimony and that trial counsel was ineffective in addressing the problem. Holly Thomas testified that at Kline's request she brought Petitioner's uncle money and Kline picked up the drugs. Thomas testified that she had no methamphetamine dealings with Petitioner. Thomas received immunity for her testimony and testified that one of the reasons she testified was so she would not go to jail and lose her kids. After Thomas was finished testifying the Court gave the following oral

4

instruction:

> You have heard evidence that the witness that just testified, Holly Thomas, has received a promise from the government that her testimony given here today will not be used against her. Her testimony was received in evidence and may be considered by you. You may give her testimony such weight as you think it deserves. Whether or not her testimony may have been influenced by the government's promise is for you to determine.

A written instruction that mirrored the oral instruction was also given. Petitioner erroneously asserts that the transcript was altered to omit some of Thomas's testimony concerning her fear of losing her children. Thomas never testified that the prosecutor threatened her. Her fear of losing her children flowed from the potential of incarceration for being involved in a drug conspiracy.

Even if there was an improper threat from the prosecution, prosecutorial misconduct merits habeas relief only where the misconduct "'so infec[ted] the trial with unfairness as to make the resulting conviction a denial of due process.'" *Greer v. Miller*, 483 U.S. 756, 765 (1987) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Thomas did not implicate Petitioner. Furthermore, Thomas was cross-examined by counsel for the co-defendant regarding her motivations for testifying. In addition, the jury was properly instructed as to the possible impact of the immunity agreement. Based on the record before him, trial counsel for Petitioner was not ineffective in declining to further discredit Thomas or for not raising a prosecutorial misconduct issue.

*Ineffective Assistance Claim - Failure to Ensure Proper English/Spanish Translation Procedure*

Petitioner complains that his trial counsel brought a substandard Spanish interpreter with him to pretrial meetings and that this hindered counsel's ability to understand legal and factual issues, properly investigate the case and comprehend vital information concerning Petitioner's conviction which was the basis of his 21 U.S.C. § 851 enhancement. Petitioner contends that trial counsel was unable to understand him, failed to obtain records so as to discredit Kline's testimony, and was unable to present a proper defense.

Trial counsel states in his affidavit that he used an interpreter who is regularly employed by the Minnehaha County court system to interpret his meetings with Petitioner. Trial counsel also states that he believes Petitioner speaks reasonably good English and that Petitioner did not complain about the translator.

5

Petitioner also contends that during the trial there was no roughly simultaneous translation of the court proceedings and he could not understand the proceedings. During the trial two federally certified court interpreters in Spanish to English and English to Spanish were utilized. The trial transcript does not indicate that Petitioner experienced any translation difficulties during trial. Since Petitioner never advised counsel of any problems with either pretrial or trial translation issues, trial counsel was not ineffective in how he handled these alleged problems.

*Ineffective Assistance Claim - Failure to Challenge 21 U.S.C. § 851 Enhancement*

A month before the drug conspiracy trial the United States provided notice to Petitioner of its intent to seek increased punishment based upon the defendant's prior conviction for a felony drug offense for delivery of a controlled substance (marijuana), which conviction was set forth in a judgment filed September 24, 2004, in the District Court of Madison County, Nebraska. The Nebraska judgment establishes that Petitioner was represented by an attorney and that an interpreter was utilized for the proceedings.

Before the drug conspiracy trial began, this Court inquired whether Petitioner understood that he was now facing a twenty-year mandatory sentence. Petitioner's trial counsel advised that the prosecution had advised him that the notice of enhancement would be filed and he had consulted with Petitioner before and after the notice of enhancement was filed.

In his motion under 28 U.S.C. § 2255, Petitioner contends that the Nebraska conviction was invalid and obtained in violation of the Constitution. Petitioner contends that while he was in the county jail in Nebraska on the Nebraska charge, representatives of the prosecutor's office met with him without his counsel being present. Petitioner contends that due to his lack of English language skills and the small amount of marijuana involved in the Nebraska case, Petitioner misunderstood that he was to plead to a misdemeanor, not a felony. Petitioner further asserts that when he learned that this Nebraska conviction was going to be used to enhance any conviction from the federal charge, he told his trial counsel "of many material facts with a direct bearing on whether his guilty plea in Nebraska was valid and whether it should be vacated because it was not made knowingly, intelligently and voluntarily because he was denied counsel during the discussion with respect to the entry of said plea and he failed to understand that he was waiving important constitutional rights including his

privilege against compulsory self-incrimination (through his admission of guilty), his right to a trial by jury, and the right to confront his accusers, among others." Trial counsel states in his affidavit, "I was not persuaded of such an unconstitutional conviction."

The journal entry for the Nebraska conviction discloses that Petitioner was represented by counsel in the Nebraska case, and was provided a Spanish interpreter for the sentencing.[1] This Court ordered that Respondent supplement the record in this case with certified copies of any documents in Petitioner's Nebraska case which could establish whether Petitioner was advised of his rights pursuant to *Boykin v. Alabama*, 395 U.S. 238 (1969), before entering his plea in the Nebraska case. Doc. 19. *Boykin* holds that when a plea of guilty is entered a waiver of the privilege against compulsory self-incrimination, the right to trial by jury; and right to confront one's accusers must appear on the record, and this waiver cannot be presumed from a silent record. The Government has supplemented this record with the transcript of the change of plea hearing held on August 3, 2004, for the felony conviction for delivery of a controlled substance that was used for the 21 U.S.C. § 851 enhancement. It is clear from the transcript that Petitioner was advised of his *Boykin* rights at the time of the change of plea. Based on the record concerning the Nebraska judgment of conviction, the Court does not conclude that trial counsel was deficient in declining to challenge the Nebraska conviction or that Petitioner was prejudiced by this failure to challenge the Nebraska conviction.

*Ineffective Assistance Claim - Failure to Move to Suppress Evidence Obtained During the Search*

Petitioner maintains that trial counsel was ineffective in failing to move to suppress the March 12, 2007 search of his residence. Petitioner contends that at the time the search was conducted, he specifically requested to see a copy of the search warrant, but was advised by an agent that the agent did not have a copy of the search warrant and that another agent was in the process

---

[1] In an earlier order, this Court observed that the Nebraska offense which was the basis of Petitioner's enhanced sentence was prosecuted by Information. Respondent has correctly maintained that the Eighth Circuit interprets 21 U.S.C. § 851 (a) (2) so that the requirement of either waiving or being afforded prosecution by Indictment applies to the instant federal drug offense, not to the prior state conviction used for enhancement purposes. *See United States v. Craycraft*, 167 F.3d 451, 454 (8th Cir. 1999).

of obtaining a copy of the search warrant. Agent Hummel testified that he and Agent Harvison secured the residence and then searched the residence after the search warrant was issued. The search warrant was issued by United States Magistrate Judge Simko on March 12, 2007, at 1:26 p.m. The return states that the warrant was executed that day at 1:35 p.m.

Except for a few narrow exceptions, a warrantless search or seizure violates the Fourth Amendment. *See Katz v. United States*, 389 U.S. 347, 357 (1967); *United States. v. Zamora-Lopez*, 685 F.3d 787, 789 (8th Cir. 2012). Petitioner's contention that the search of the residence and seizure of the items within took place before the warrant was obtained, however, is refuted by the times set forth in the warrant and the certified return. Petitioner has failed to establish any grounds on which trial counsel should have moved to suppress the evidence taken from the search of the residence. Trial counsel was not ineffective in not moving to suppress the evidence taken from the search of the residence.

*Request for Evidentiary Hearing*

Petitioner has requested an evidentiary hearing. Although "[a] petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and the records of the case conclusively show that [he] is entitled to no relief," no hearing is required "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008); 28 U.S.C. § 2255(b). In the case at hand, the affidavit of trial counsel and the document of record and documents filed in this case conclusively show that Petitioner is not entitled to relief, and Petitioner's request for a hearing is therefore denied.

Accordingly,

IT IS ORDERED:

(1)    that Petitioner's motion to amend his Section 2255 motion to correct the spelling of his first name (Doc. 14) is granted;

(2)    that Respondent's motion to file late response (Doc. 12) is granted;

(3)    that Petitioner's request for an evidentiary hearing is denied;

(4) that Petitioner's motion for relief under 28 U.S.C. § 2255 is denied; and

(5) that no certificate of appealability under 28 U.S.C. § 2253 shall be issued by this Court.

Dated this 19th day of March, 2013.

BY THE COURT:

*Lawrence L. Piersol*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *Summer Wahufa*
(SEAL)   DEPUTY